# COMMON PLEAS OF LUZERNE COUNTY.

### THE RELIEF SAVING FUND ASSOCIATION v. LONGSHORE ET AL.

1. It is lawful for a building association to lend money to members, reserving the premium and receiving interest on the sum nominally loaned. All contrary decisions refer to unincorporated associations, and to those prior to the Act of 1859.
2. There is nothing either in the letter or the spirit of the law making it the duty of the association to inquire for what purpose the loans are obtained.
3. A surety for a borrowing member, though not himself a member of the association, is liable to the same extent as his principal.

Opinion by HAND, J., July 15, 1879.

This is a rule to show cause why the judgment in this case shall not be opened and defendants let into a defense. The allegations are—1. Usury. 2. That the corporation is bound to see that its money is loaned for building purposes. 3. That R. B. Fruit is simply a surety, not a member of the association; and that even if his principal is bound to fulfill the duties of a member, the surety is not. 4. That the stock of the association has matured.

This is an association chartered under the Act of April 12, 1859, "to enjoy all the privileges incident to corporations provided by the Act of Assembly, entitled 'An Act relating to corporations for mutual saving fund, loan, or building associations,'" approved as aforesaid, and its several supplements, the succession being limited to twenty years. Clarence S. Longshore, one of the defendants, was a member of the association, holding twenty shares of its stock. He borrowed of the association four thousand dollars at a premium of seventy-six dollars per share, which was deducted from his loan, and the balance paid to him. He made his regular payments on stock, interest upon his loan, initiation fee, and fines up to April or May, 1876, when he ceased paying, after which Richard B. Fruit, his surety, continued the payments up to December, 1877. At the time the loan was made Longshore gave the joint and several judgment note of himself and Fruit to the association, of which the following is a copy, to wit:

$400.00.            HAZLETON, PA. September 16, 1871.

On demand, we, or either of us, promise to pay the Relief Saving Fund Association, of Hazleton, Pennsylvania, the sum of four thousand dollars, with interest, payable on the third Saturday of each month. Value received. And we hereby confess judgment for the same without stay of execution, inquisition, or benefit of exemption laws: *Provided, however*, that said principal shall not be demanded until default shall have been made for six months in the payment of interest, and of the monthly contributions payable on twenty (20) shares of the capital stock of said association, as provided by the by-laws.

(Signed)            C. S. LONGSHORE.
R. B. FRUIT.

The statement of the account with the association upon this transaction is as follows:

| | | |
|---|---:|---:|
| Amount of note or loan | | $4,000 00 |
| Entire amount of premium | $1,520 00 | |
| Amount received in cash | 2,480 00 | |
| | | $4,000 00 |

PAID INTO THE ASSOCIATION.

| | | |
|---|---:|---:|
| Initiation fee | $ 20 00 | |
| Total monthly payments on stock | 1,680 00 | |
| Total monthly payments of interest | 1,500 00 | |
| Fines | 2 50 | |
| | | $3,202 50 |

At a regular meeting in June, 1878, the defendants being six months in arrears, the stock was declared forfeited, and an execution was issued, which has been stayed by the court in the present rule. The secretary of the association testifies that the stock, upon the collection of this judgment, will be reinstated.

The question before us is, have the defendants by their testimony shown enough to warrant our opening this judgment. We take up their points in their order as stated above.

The usury claimed is the usual allegation of interest on the note given, and not on the note less the premium bid, namely, the money received by the borrower. The law is clearly settled by the courts, since the Act of 1859, that this mode of lending money to, and collecting interest from, a member of such an association is allowable. All the decisions which have taken a contrary view have arisen in cases of unincorporated associations, or associations incorporated prior to the Act of 1859, or loans to persons not members. Since, by the Act of 1859, the Legislature has yielded to the just pressure of the Supreme Court, so as to put building associations upon a fair and equitable basis, there is one line of decisions clearly sustaining these associations in all their legal rights, and in all cases where members avail themselves of their privileges, and meet the reasonable requirements of the law, they find themselves protected by the courts, and when they see to it that their association is conducted upon the ordinary principles of business equity, they are not in the end the losers by reason of their connection with such associations. In fact, the question of usury is one of semblance, because what is paid is received back by the stockholder himself, unless he bids a premium exceeding the average of the premiums paid.

In regard to the second claim of defense, we quote the words of Judge Sterrett in Juniata Building and Loan Association vs. Mixell, 3 Norris, 316: "There is nothing either in the letter or spirit of the act, or in the charter, that makes it the duty of the association to inquire for what purpose loans are being obtained."

We answer the claim made on the part of R. B. Fruit as surety as follows: He was surety to fulfill the obligation of C. S. Longshore. If that obligation was a legal one, and we have shown that it is, then Fruit is bound by his suretyship. It is true that he has such rights as are given to sureties to protect themselves, and it is not necessary for us in this proceeding to define those which existed at the time Longshore failed to pay, or became unable to

pay, either by insolvency or other cause. It is possible that at such a time a surety, known to be such by the association, might call upon the creditor to close up and settle the account of the principal debtor upon the equitable basis of the statute and the by-laws of the association, but in this case the surety did not take that course; he did what he undoubtedly had the right to do, and what probably was best for him. He took the position of the principal, and paid the accruing installments. Having done this, we are now asked to treat him wholly as a third party,—not a member borrowing from the association,—and to put him in a better position than his principal could take. We think the law is against this, and discover no equities which entitle him to have the judgment opened.

In regard to the fourth position, that the stock has matured, there is no evidence to sustain it, nothing to raise an issue of fact for a jury to pass upon.

We, therefore, discharge this rule, remarking that from all we can discover in this case the association appears to have been properly managed, and that whatever disadvantages appear connected with membership therein can be best adjusted and removed within the organization. Should the association collect the whole of this judgment, the law provides for an adjustment of the equities between the parties, which will remove most of the apparent hardship.

Rule discharged.

E. P. Kisner, Esq., for plaintiff.

John A. Gorman, Esq., for defendants.

---

A Judge in Indiana threatened to fine a lawyer for contempt of court. "I have expressed no contempt for the court," said the lawyer; "on the contrary, I have carefully concealed my feelings."